OPINION of thé Court, by
Ch. J. Bibb.
Man-sell sued Cockran by petition and summons upon ati obligation for the direct payment of mdney oh demand, bearing date on the 26th of March, in the year 1805. Cockran pleaded payment, and non est factum, with leave to give the special matter in evidence on the general issue. On the trial of the issues, the jury found for the defendant; Mansell moved for a new trial, because the finding was against the evidence ; the court overruled the motion, and gave judgment for the defendant ; to which Mansell took a bill of exceptions, stating the whole evidence, which was allowed and enrolled, and Mansell thereupon appealed.
The execution of the obligation was clearly proved, and the defendant gave no evidence of a payment of the money; so that the only consideration to be had, respects the special matter given in evidence. It appears that at the time or immediately after the execution of the obligation, a memorandum was underwritten, but not signed by either party, by which it was expressed that Cockran was at liberty to discharge the obligation by geldings delivered in Lexington, at the Lexington market price. The defendant gave evidence of his attempting to pay, in horses at Mansell’s own house about three miles from Lexington, “ in the latter part of the winter of 1806.” But this evidence cannot sustain any defence to the action : 1st. because there is no color for calling it a tender ; 2dly. because it appears to have been a fraudulent attempt by Cockran on Mansell, by carrying a partial valuer, to rate the horses at the most exorbitant prices, and when defeated in the project by the disinterested conduct of the appraiser nominated by Mansell, Cockran consented to take away, and did actually carry away his horses. At a subsequent time, Mansell waited on Cockran, and after some conversion about the obligation, in which it appeared that Cockran was not prepared to pay in horses, Mansell proposed to *571 tyke the memorandum from the foot of the obligation, or that he would make a public demand ; held up the obligation, told Cockran he would not tear it off unless, he consented, and called upon a witness to,take notice, Cockran replied, so as to signify an assent, whereupon. Mansell tore off the memorandum, in the presence of several, as well as of Cockran himself. To,this, Cock-, ran attempted to prove, in opposition to tne plaintiff’s evidence, that his reply was not an assent. But his own. witness to the transaction, so far from proving an open candid negative to Mansell’s express proposition and, interrogatory addressed to Cockran, states that Cock-ran replied “ you may do as you please this witness stated he heard no assent as coming from Cockran, unless that reply amounts to it. We do not think that the testimony of this witness can be called a contrariety of evidence on the point, but if it were, there is such a decisive preponderance of evidence (a) againt the finding, that it ought to have been set aside, and a new trial granted below.
It is therefore considered that the said judgment be reversed, the finding of the jury set aside, and the cause remanded to the court from whence it came, for a new: trial between these parties, the appellant paying the costs of the former trial,

 Vide Bacon vs. Brown, ante 336.